UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SADIE J. ACKER GUMUSYAZICI, | Case No. 2:23-cv-00324-DKG |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

Before the Court are Defendant's motion for summary judgment and Plaintiff's motion to supplement the record. (Dkts. 29, 39). The motions are fully briefed. Having reviewed the entire record, the Court finds the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process, and, therefore, will decide the motions on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons that follow, the Court will grant the motion for summary judgment and will deny the motion to supplement the record.[1]

---

[1] The parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 18).

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND[2]

This case arises out of a one-car accident occurring between the late evening hours of January 11, 2019 and the early morning of January 12, 2019. Plaintiff was traveling as a passenger in an automobile on Lovell Valley Road, located in North Idaho within the boundary of the Coeur d'Alene Reservation. The driver of the vehicle was Plaintiff's sister. Lovell Valley Road is a paved two-way road with a double yellow painted lane divider in the middle, white fog lanes on both edges, and a posted speed limit of 55 miles-per-hour for the section of the road where the accident occurred. As the vehicle Plaintiff was riding in approached a curve, the vehicle lost control and left the roadway, rolling over several times. Plaintiff sustained serious injuries in the accident.

As a result of the foregoing, Plaintiff, who is self-represented, initiated this negligence action against the United States seeking damages for personal injuries in the amount of $2,750,000. (Dkts. 1, 10, 34, 35). The Coeur d'Alene Tribe is responsible for maintaining the road using federal funding by virtue of an agreement with the Bureau of Indian Affairs. (Dkt. 29-13, Dec. Yazzie ¶ 3). The complaint alleges the cause of the accident was the slick road surface, the high speed limit, the lack of curve warning signs, and no guardrail. (Dkt. 10 at 4). Plaintiff claims Defendant was negligent by acting or failing to act with regard to the following problems with the road at the site of the crash: (1) the road surface shrinks down to 20 feet across both opposing lanes with a 55 mile-

---

[2] Consistent with the standard on summary judgment, the factual allegations are written to reflect that all evidence in the record is construed in a light most favorable to the non-moving party, who is also given the benefit of all reasonable inferences which can be drawn from that evidence.

**MEMORANDUM DECISION AND ORDER - 2**

per-hour speed limit; (2) the speed limit was increased to 55 miles-per-hour limit; (3) there is a dangerous curve with no warning signs, no curve signs, and no guardrail; (4) there is only two inches of loose gravel before the concrete surface ends and a field or culvert begins; and (5) the road surface material changes right before the curve making a slick driving surface. (Dkt. 10 at 3).

On February 10, 2025, Defendant timely filed the motion for summary judgment presently before the Court. (Dkt. 29). Plaintiff filed multiple responses in opposition (Dkts. 32-35), to which Defendant has replied (Dkt. 36).[3] On April 23, 2025, Plaintiff filed the motion to supplement the record with newly discovered evidence, which Defendant opposes. (Dkts. 39, 40, 41). The Court finds as follows.

## STANDARDS OF LAW

### 1. Subject Matter Jurisdiction

Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377.

---

[3] Defendant objects to Plaintiff filing multiple response briefs. (Dkt. 36 at 2-3). Filing multiple response briefs violates Local Civil Rule 7.1(c). However, because Plaintiff is self-represented, the Court construes the filings liberally and will consider the response briefs, because the arguments raised therein have been addressed by Defendant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (courts liberally construe pro se filings).

MEMORANDUM DECISION AND ORDER - 3

## 2. Summary Judgment

Summary judgment is appropriate where a party demonstrates that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is a fact "that may affect the outcome of the case." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact and a favorable judgment is due as a matter of law. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, the non-moving party must identify facts sufficient to show a genuine issue for trial to defeat the motion for summary judgment. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

To establish the existence of a factual dispute, the non-moving party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the non-moving party cannot avoid summary judgment by relying solely on unsupported conclusory allegations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent

evidence that shows a genuine issue for trial. *Celotex*, 477 U.S. at 324. The Court must grant summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted). When making this determination, the Court views all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### 3. Self-Represented Litigants

"[W]here, as here, a plaintiff proceeds pro se, [courts] must 'construe the pleadings liberally' and 'afford the petitioner the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Erickson*, 551 U.S. at 94 (directing courts to liberally construe pro se filings). Even so, a litigant's pro se status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003); Dist. Local Civ. R. 83.7.

## ANALYSIS

### 1. Motion to Supplement the Record

Plaintiff requests leave to supplement the record with "newly discovered evidence" of the accident scene pursuant to the Court's inherent discretion to insure a full

and fair presentation of the facts, and in the interest of justice. (Dkts. 39, 41). The proposed supplemental evidence is comprised of: (1) a photograph of a knocked down chevron sign at the accident scene taken by Plaintiff's father on April 17, 2025; (2) a February 27, 2025 email from Plaintiff's father to counsel for the Government containing three photographs of the accident scene taken in February 2025; and (3) separate larger versions of the same three accident scene photographs from February 2025 contained in the email to counsel for the Government. (Dkt. 39-2).

Plaintiff argues the April 17, 2025 photographs of the knocked down chevron sign "at the same dangerous curve…demonstrate that the hazard remains active and unresolved" and that "previous corrective efforts have failed to create lasting safety improvements at the location." (Dkt. 39 at 1-2). Plaintiff asserts that the February 2025 photographs and email show "visible erosion, overflowing water near the culvert, and insufficient shoulder space at the accident site" which "further supports Plaintiff's claim that the roadway continues to present a serious hazard and that Defendant had direct notice of the condition through public communication." (Dkt. 39 at 2). Further, Plaintiff argues the materials are admissible evidence of ongoing dangerous conditions, a pattern of continuing neglect, and Defendant's notice of the road hazards. (Dkt. 41 at 3). Defendant opposes the motion, arguing the proposed supplemental evidence is irrelevant and, therefore, inadmissible, as it fails to show what caused the accident or that the conditions depicted in the photographs were present at the time of the accident. (Dkt. 40).

Having carefully reviewed the parties' positions and submissions, and being mindful that Plaintiff is self-represented, the Court will deny the motion to supplement

**MEMORANDUM DECISION AND ORDER - 6**

the record. The proposed supplemental materials depict the accident scene well after the accident and fail to show the conditions at the scene when the accident occurred. Thus, the materials are not evidence of the cause of Plaintiff's accident. Nor do the materials establish Defendant knew of dangerous conditions on the road prior to the accident. To the extent the supplemental materials evidence the Government had notice of a hazard on the roadway, any such notice occurred after the accident as the materials are all dated subsequent to the accident. For these reasons, the supplemental materials are inadmissible and irrelevant to Plaintiff's claim. Fed. R. Evid. 401, 402, 403, 407.

Relatedly, the Court considered whether the supplemental materials are relevant to Plaintiff's summary judgment argument that Defendant's post-accident remedial measures "serve as an acknowledgment of the pre-existing hazardous conditions" and "demonstrate acknowledgment of prior deficiencies." (Dkts. 32-35). However, evidence of subsequent remedial measures is not admissible to prove negligence; culpable conduct; a defect in product or its design; or a need for a warning or instruction. Fed. R. Evid. 407. Therefore, the proposed supplemental materials are inadmissible to support Plaintiff's argument.

For all of these reasons, the Court will deny the motion to supplement. At best, the supplemental materials could be illustrative aids depicting the accident scene, albeit on different days and under different conditions than existed at the time of the accident. Fed. R. Evid. 107. However, illustrative aids are not admissible evidence and on summary judgment a party must produce admissible evidence to support their position. Fed. R. Civ. P. 56(c); Fed. R. Evid. 107, 407.

**MEMORANDUM DECISION AND ORDER - 7**

In any event, the Court's decision on the motion for summary judgment would be the same even if the proposed supplemental evidence were considered, as the materials do not establish the existence of a genuine issue of material fact relevant to Plaintiff's tort claim. The materials fail to show the conditions of the road at, or reasonably near, the time of the accident, and they do not evidence that the accident was caused by Defendant's negligence, which is the basis for granting summary judgment in favor of Defendant.

## 2. Motion for Summary Judgment

### A. Subject Matter Jurisdiction

As an initial matter, the Court addresses the basis for the negligence claim brought by Plaintiff upon which she seeks to invoke subject matter jurisdiction in this litigation. *Kokkonen*, 511 U.S. at 377. The pleadings cite diversity under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. (Dkts. 1, 10). However, Plaintiff cannot bring a civil tort claim against the United States in this Court based on § 1332, because the United States has not waived its sovereign immunity for diversity suits under § 1332. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Idaho ex rel Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6 (1993).

Instead, Defendant asserts Plaintiff has raised a negligence claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. (Dkt. 29-1 at 2). Plaintiff acknowledges her negligence claim under the FTCA. (Dkt. 34). Because Plaintiff is self-represented, the Court construes the pleadings liberally and finds Plaintiff has alleged a negligence claim against the United States under the FTCA. *Boquist*, 32 F.4th at 774. As such, this case

invokes federal question jurisdiction. 28 U.S.C. § 1331. The Court will therefore address

the summary judgment motion below as to Plaintiff's FTCA claim.

### B. Sovereign Immunity

Defendant argues summary judgment is warranted on Plaintiff's FTCA claim

because the discretionary function exception to the waiver of sovereign immunity applies.

(Dkt. 29). While this issue is not expressly addressed in her briefing, when liberally

construed, Plaintiff disagrees that the discretionary function exception applies, arguing

the alleged negligent acts by Defendant were not discretionary decisions based on

considerations of public policy. (Dkts. 32-35).

The United States has complete immunity from suits by its citizens unless it

expressly and unambiguously waives that immunity. *United States v. Mitchell*, 445 U.S.

at 538. The FTCA authorizes private suits against the United States for damages for loss

of property, injury, or death, providing in relevant part:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on
> claims against the United States, for money damages, ... for injury or loss of
> property, or personal injury or death caused by the negligent or wrongful
> act or omission of any employee of the Government while acting within the
> scope of his office or employment, under circumstances where the United
> States, if a private person, would be liable to the claimant in accordance
> with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir.

2016). Under the FTCA, the United States has waived its sovereign immunity for certain

torts committed by federal employees acting within the scope of their employment.

*Brownback v. King*, 592 U.S. 209, 212 (2021). The FTCA is "a limited waiver of

sovereign immunity from suits for negligent or wrongful acts of government employees

... which constitute 'ordinary common-law torts,' [and thus] the United States is liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Gonzalez*, 814 F.3d at 1026 (internal citations and marks omitted).

There are, however, exceptions to this waiver. *Myles v. United States*, 47 F.4th 1005, 1011 (9th Cir. 2022) ("The sovereign immunity waiver in the FTCA is subject to several exceptions."); 28 U.S.C. § 2680 (listing exceptions). "If one of the exceptions applies, the bar of sovereign immunity remains." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 485 (2006). Relevant here, under the discretionary function exception, the United States does not waive sovereign immunity for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Courts employ a two-step test to determine whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988); *Nieves Martinez v. United States*, 997 F.3d 867, 876 (9th Cir. 2021). First, the court considers "whether the challenged actions involve an element of judgment or choice." *Nieves*, 997 F.3d at 876 (citations and quotation marks omitted). If a federal statute, regulation, or policy "specifically prescribes a course of action for an employee to follow, the act is not discretionary because the employee has no rightful option but to adhere to the directive." *Id*. In determining whether the challenged actions involve an element of judgment or choice, courts look to applicable statutes, regulations, and policies to determine whether the United States retained discretion to act or whether the action was prescribed. *Ruffino*

**MEMORANDUM DECISION AND ORDER - 10**

*v. United States*, 374 F.Supp.3d 961, 968 (E.D. Cal. 2019). If the applicable statute, regulation, or policy does not involve an element of judgment or choice, the analysis ends and the court has subject-matter jurisdiction to proceed. *Nanouk v. United States*, 974 F.3d 941, 945 (9th Cir. 2020).

However, if the challenged actions involve an element of judgment or choice, then the court proceeds to the second step of the analysis and must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Nieves*, 997 F.3d at 876. "Congress sought to preclude courts from second guessing discretionary judgments 'grounded in social, economic, and political policy.'" *Nanouk*, 974 F.3d at 945 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). "The government accordingly prevails at step two if it can show that the decision challenged by the plaintiff is 'susceptible to policy analysis.'" *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991)). That is to say, "if the judgment involves considerations of social, economic, or political policy, the exception applies." *Nieves*, 997 F.3d at 876 (citation omitted); *see also Berkovitz*, 486 U.S. at 536-37 (The discretionary function exception was designed to shield decisions based on considerations of public policy, namely social, economic, and political policy.).

While Plaintiff bears the burden of establishing subject matter jurisdiction exists, the United States must prove the discretionary function exception applies. *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015); *Green v. United States*, 630 F.3d 1245, 1248-49 (9th Cir. 2011) (discussing respective burdens of the parties on summary judgment). "Whether a challenged action falls within the discretionary function exception

**MEMORANDUM DECISION AND ORDER  - 11**

requires a particularized analysis of the specific agency action challenged." *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002).

Here, Plaintiff contends the Defendant breached its duty to provide a safe roadway by negligently failing to set a proper speed limit; comply with applicable safety standards; install guardrails and warning signs; prevent hazardous conditions; maintain a safe roadway; and replace signage. (Dkts. 10, and 32-35). Defendant characterizes the types of decisions at issue slightly differently and somewhat more broadly, as follows: failure to adequately warn; negligent design and maintenance; setting speed limits; and determining what types of warnings to provide, if any. (Dkt. 29 at 8-9). The Court will apply the two-step test to each of Plaintiff's specific allegations in turn below to determine whether the discretionary function exception applies.

### i.    Setting the Speed Limit

Setting the speed limit for Lovell Valley Road was not an action subject to the discretionary function exception. As to the first step in the analysis, determining the speed limit for the road involves an element of judgment or choice, as there is no statute, rule, guideline, or policy prescribing a specific speed limit. (Dkt. 29-13 at ¶ 8). The traffic and highway standards cited by Plaintiff do not mandate a particular speed limit for Lovell Valley Road. (Dkts. 32-35). Rather, under the applicable regulations and agreements, the Coeur d'Alene Tribe conducts traffic analyses and weighs several considerations when setting the speed limit for a particular road. 25 C.F.R. § 170.114 (federal regulation governing Tribal Transportation Programs (TTP) that includes setting speed limits and allowing restricted road use when conducting engineering and traffic

analysis to determine maximum speed limits); (Dkt. 29-13, Dec. Yazzie ¶ 8). The TTP

Agreement between the Coeur d'Alene Tribe and the United States, applicable here,

allows the Tribe to perform transportation planning, research, design, engineering,

construction, and maintenance on road projects located on or accessing the Coeur

d'Alene Tribe Reservation. (Dkt. 29-14). Thus, the first step of the discretionary function

exception analysis is met.

    As to the second step of the analysis, however, Defendant failed to meet its burden

to establish that the decision setting the speed limit for Lovell Valley Road was

susceptible to the types of public policy analysis the discretionary function was designed

to protect. (Dkt. 29 at 9-10). Defendant has not demonstrated how general considerations

of drivers' needs, traffic flow, and safety in determining the speed limit were susceptible

to the kind of policy-making activities or the weighing of social, economic, or political

policies contemplated by the discretionary function exception. *Berkovitz*, 486 U.S. at

537.[4] Therefore, Plaintiff's claim that Defendant was negligent in setting the speed limit

is not precluded by sovereign immunity. The Court will address below the motion for

summary judgment relevant to Plaintiff's claim of negligence in setting the speed limit.

---

[4] The Court makes no determination concerning whether, generally speaking, the decision to set a speed limit and the considerations of drivers' needs, traffic flow, and safety could fall within the discretionary function exception. Rather, the Court's finding herein is limited to the particular circumstances of this case and the Defendant's failure to meet its burden to demonstrate that the discretionary function exception applies here.

**MEMORANDUM DECISION AND ORDER - 13**

ii.    **Designing and Constructing the Road**

Claims that Defendant negligently designed and constructed the road fall within the discretionary function exception. Decisions with respect to the design and construction of roadways are discretionary. *ARA Leisure Servs. v. United States*, 831 F.2d 193, 195-196 (9th Cir. 1987). The traffic and highway standards Plaintiff relies on are guidelines, but do not prescribe a specific course of action for the design and construction of Lovell Valley Road. (Dkts. 32-35). Rather, the planning and design of a road requires not only engineering analysis, but also judgment in balancing the relevant technical, economic, and social considerations. *ARA*, 831 F.2d at 195; *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1029 (9th Cir. 1989). This includes decisions such as whether to place guardrails, the width and composition of the roadway, and other similar design and construction related decisions. *Id*. These determinations are the type of decisions and policy analysis protected by the discretionary function exception. *Id.* Defendant has therefore met its burden to establish the discretionary function exception applies to the negligence claim in this respect.

In particular as to the construction of the road using a mixed surface, Defendant obtained a Geotechnical Engineering Evaluation of Lovell Valley Road in 2004, providing recommendations regarding the construction, surface, and subsurface conditions to assist in the planning, design, and construction of the road. (Dkt. 29-15). The road was reconstructed in 2007. (Dkt. 29-4; Dkt. 29-9; Dkt. 29-13; Dkt. 29-15). The reconstructed road surface differed between the east and west sides of the bridge near where the accident occurred. (Dkt. 29-13, Dec. Yazzie ¶¶ 6-7). The road on the east side

**MEMORANDUM DECISION AND ORDER  - 14**

of the bridge was completed as a chip seal project to the existing roadway using a cold plant mix asphalt; while the road on the west side of the bridge was completed as a 14-inch depth roadway scarification hot plant mix asphalt. (Dkt. 29-13, Dec. Yazzie ¶ 7). The road was then chip sealed in 2008. (Dkt. 29-4). There were several reasons for the decision to use different surface mixes on the road, which involve discretionary determinations based on policy analysis. (Dkt. 29-13, Dec. Yazzie ¶ 7; Dkt. 29-15). The discretionary function exception therefore applies to allegations that Defendant was negligent in designing and constructing the roadway using different surfaces.

For these reasons, the Court finds Plaintiff's claim of negligence based on the design and construction of the roadway challenge Defendant's discretionary policy decisions and is precluded by the discretionary function exception.

### iii.    Placing Traffic Control Signs or Delineators

Plaintiff's claim that Defendant negligently failed to warn of dangers on the roadway by failing to place signs or delineators is barred by the discretionary function exception. As with to the design and construction of the road discussed above, the determination regarding whether to place a traffic control sign or other roadway delineator at the curve on Lovell Valley Road involved elements of judgment and were subject to policy analysis of the type shielded by the discretionary function exception. *ARA*, 831 F.2d at 195; *Kennewick Irr. Dist.*, 880 F.2d at 1029.

The traffic and highway standards cited by Plaintiff provide guidelines, but do not prescribe specific actions for Lovell Valley Road. (Dkts. 32-35). Rather, the final decision to place a traffic control device or a sign on the roadway was made by the

relevant agency based on analysis and weighing of the factors relevant to that determination. *See e.g.,* 88 Fed. Reg. 87679 (Dec. 19, 2023) ("The responsibility for a final decision to implement traffic control solutions rests with the agency (or owner) having jurisdiction over the roadway…."). Further, the decision of whether or not to install traffic signs and roadway delineators on Lovell Valley Road was susceptible to the same policy-based analysis applicable to designing and constructing the road. (Dkt. 29-4, Dec. Kackman; Dec. 29-13, Dec. Yazzie). Plaintiff's claim of negligence based on allegations of noncompliance with safety standards, failure to warn, and failure to place signs or delineators, challenge the sufficiency of Defendant's discretionary decisions, are therefore precluded by the discretionary function exception.

In contrast, the discretionary function exception does not apply to a claim that Defendant was negligent in failing to warn of a particular danger that it knew of prior to the accident. *Young v. United States*, 769 F.3d 1047, 1054 (9th Cir. 2014). Here, however, there is no evidence Defendant knew of any danger prior to the accident. Even construing the evidence and inferences in favor of Plaintiff, all of the evidence relevant to Defendant's knowledge of possible hazardous road conditions is from after the accident, which is inadmissible to establish negligence for actions prior to the accident. Fed. R. Evid. 407. Plaintiff's contention that the Declaration of Jim Kackman evidences that Defendant had prior knowledge of the unsafe roadway conditions and of the deficiencies in the road's signage, is unsupported. (Dkt. 33).

Kackman's Declaration authenticates a November 27, 2019 letter that he authored on behalf of the Coeur d'Alene Tribe's Public Works Department after Plaintiff's

accident, responding to a request for information from the Bureau of Indian Affairs for

the Northwest Region. (Dkt. 29-3, Dec. Kackman). The plain language of the Declaration

does not reflect that Defendant had any prior notice or knowledge of unsafe road

conditions. The letter itself likewise does not demonstrate Defendant had prior

knowledge of any unsafe roadway conditions or deficient signage. (Dkt. 29-4). For these

reasons, the Court finds summary judgment is warranted to the extent Plaintiff claims

negligent failure to warn of a danger known to Defendant prior to the accident.

However, once the decision to place a traffic sign or roadway delineator was

made, any failure to maintain the signage and roadway delineators would not be protected

by the discretionary function exception absent some showing that policy concerns were

the reason for not doing so. *See e.g., Ruffino*, 374 F.Supp.3d at 975 (discussing caselaw

relevant to the government's failure to warn). Plaintiff's claim that Defendant negligently

failed to maintain several delineators installed prior to the accident is, therefore, not

precluded by the discretionary function exception. (Dkt. 32).[5] Nevertheless, that claim

fails as a matter of law as there is no evidence of any failure to maintain the delineators or

signs placed prior to the accident. As discussed further below, the only evidence in the

record is that the roadway delineators installed before the accident were present at the

time of the accident and had been maintained. (Dkt. 29-4, Kackman Letter at 1-2) (noting

the roadway had been restriped in 2017, and the presence of road striping, delineators of

the roadway from the ditches outside of the roadway surface, and two object markers on

---

[5] Again, Plaintiff's arguments and evidence relevant to post-accident remediation measures are
inadmissible and irrelevant to this determination. Fed. R. Evid. 407.

the date of the accident). Plaintiff has not identified evidence of any other signage, delineators, or markings installed prior to the accident that Defendant failed to maintain. For these reasons, summary judgment will be granted on Plaintiff's claim for failure to maintain signage and roadway delineators placed prior to the accident.

### iv.    Maintaining a Roadway

Plaintiff argues Defendant failed to conduct adequate inspections and maintenance of the road, allowing hazardous conditions to persist; and failed to replace missing or damaged signage and delineators. Claims of failure to maintain the road are not subject to the discretionary function exception. Maintenance work is not an activity requiring an element of choice or judgment; and is not among the types of policies protected by the discretionary function exception. *Bolt v. United States*, 509 F.3d 1028, 1034 (9th Cir. 2007); *ARA*, 831 F.2d at 195. Therefore, sovereign immunity does not preclude Plaintiff's claim that Defendant was negligent in maintaining the roadway. The Court will address below the motion for summary judgment as to Plaintiff's claim of failure to maintain.

### C.  Summary Judgment as to the Negligence Claim

A FTCA claim is actionable in federal court if it alleges the following six elements of § 1346(b), which are that the claim is: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his or her office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Brownback v. King*, 592

U.S. 209, 212 (2021) (quoting 28 U.S.C. § 1346(b)). Relevant to the sixth element, "[t]o establish a claim for negligence under Idaho law, the plaintiff must demonstrate the following four elements: '(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage.'" *Albertson v. Fremont Cnty., Idaho*, 834 F.Supp.2d 1117, 1134 (Idaho 2011) (quoting *Obendorf v. Terra Hug Spray Co., Inc.*, 188 P.3d 834, 840 (Idaho 2008)).

On this motion, Defendant argues Plaintiff cannot meet her burden to prove a causal connection between the Defendant's conduct and the resulting injuries. (Dkt. 29 at 11). Defendant points to evidence that the conditions at the time of the accident were dark, windy, and icy, which it argues contributed to the cause of the accident, and argues Plaintiff has identified no evidence of the cause of the accident or that Defendant's actions were a cause of the accident. In response, Plaintiff argues Defendant was negligent in setting the speed limit; failing to maintain the roadway delineators; failing to regularly inspect, maintain, and replace signage; and generally failing to maintain a safe roadway. (Dkts. 32-35).

Having carefully reviewed the record and the parties submissions, the Court finds Plaintiff has failed to establish a genuine issue of material fact on the element of causation. Plaintiff has not identified any evidence of the cause of the accident aside from unsupported self-serving statements, let alone any admissible evidence that Defendant's alleged negligence was a cause of the accident. Rather, Plaintiff simply concludes that

**MEMORANDUM DECISION AND ORDER - 19**

Defendant's alleged negligent acts "contributed to the hazardous conditions that led to Plaintiff's accident." (Dkt. 32 at 3; Dkt. 33 at 1).

Plaintiff's reliance on Defendant's post-accident actions is not admissible evidence to prove negligence; culpable conduct; a defect in product or its design; or a need for a warning or instruction. Fed. R. Evid. 407. Nor are the personal statements and emails containing post-accident photographs and conclusory allegations evidence of the cause of Plaintiff's accident. It is undeniable that the accident was serious and resulted in a multitude of injuries to Plaintiff. However, Plaintiff simply has not produced evidence giving rise to a genuine issue of material fact that a cause of the accident was the negligent actions of Defendant.[6] And, the undisputed facts in the present record demonstrates otherwise.

For instance, Plaintiff and the driver both stated the vehicle was traveling below the posted speed limit, removing the speed limit or the increase in the speed limit as a cause of the accident. (Dkt. 29-2; Dkt. 29-10 at 22:16-25). Further, there is no evidence that the driver of the vehicle did not see the curve in the road due to lack of any road signs, delineators, or marks. (Dkt. 29-10 at 23:3-25:13) (Driver testified she was driving slow and breaking to slow going into the corner); (Dkt. 29-6) (accident report noting the driver stated she applied the brakes to slow down as she approached the curve). The evidence in the record is that the temperature at the time of the accident was very cold, and that the road was slippery - possibly icy. (Dkt. 29-6; Dkt. 29-9). The accident report

---

[6] For this reason, summary judgment is warranted on all of Plaintiff's allegations of negligence even if the discretionary function exception were found to not apply.

**MEMORANDUM DECISION AND ORDER - 20**

states the conditions at the scene of the accident were: dark; clear with severe cross winds; the road surface condition was ice; the road was a level, two-way, curved asphalt road. (Dkt. 29-6). The road had lane delineators, striping, and two object markers. (Dkt. 29-4; Dkt. 29-6). The accident report states the driver explained that she applied the brakes to slow down as she approached the curve and "because the road was a sheet of ice, the car started to fish tale [sic] and left the roadway." (Dkt. 29-6). The driver similarly testified that she was driving slow and was breaking to slow going into the corner and "something just made it so the car started sliding and turn sideways," and we started going straight for the telephone pole and I turned the wheel to the right to avoid the pole and the car "just went airborne" and we went off the road. (Dkt. 29-10 at 23:3-25:13). The driver testified that she "felt like there could be" icy road conditions because it was cold, but they had not encountered any road conditions until the accident. (Dkt. 29-10 at 31:4-9). Yet, the driver also testified she did not know what caused the accident or if ice had anything to do with it. (Dkt. 29-10 at 32:15-17).

Even construing the evidence in the record and drawing inferences in favor of Plaintiff, there is no evidence that the accident was caused by Defendant's alleged negligence. Plaintiff has therefore failed to establish the existence of a genuine issue of material fact for trial. Accordingly, the motion for summary judgment will be granted.

## <u>ORDER</u>

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)  Defendant's Motion for Summary Judgment (Dkt. 29) is **GRANTED**.

2)  Plaintiff's Motion to Supplement the Record (Dkt. 39) is **DENIED**.

3)  The Clerk of the Court is directed to close the case.


DATED: June 27, 2025

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 22**